NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 07-CV-60-GFVT

STANSON HEMPHILL                                                                          PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

H. A. RIOS, JR., Warden                                                                   RESPONDENT

Stanson Hemphill, who is currently incarcerated at the United States Penitentiary-Big Sandy ("USP-Big Sandy") in Inez, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 [Record No. 2]. This matter is before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002).

As Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

BACKGROUND

After a jury trial, Petitioner Hemphill was convicted of one count of conspiracy to commit armed bank robbery, one count of armed bank robbery, and one count of brandishing a

firearm during a crime of violence, in the United States District Court for the Southern District of Ohio, *United States v. Hemphill*, Case No. 1:01-CR-39(2).  On January 29, 2002, he was sentenced to a total of 171 months' incarceration.  The facts and issues pertaining to the petitioner's conviction and sentence are set out in *United States v. Hemphill*, 76 Fed.Appx. 6, 2003 WL 21872509 (6th Cir. 2003) (not selected for publication), wherein the Court rejected all of Hemphill's claims on appeal and affirmed the trial court in all respects, on August 6, 2003.

The following year, the petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255, S.D.Oh. No. 1:04-CV-351, on grounds of ineffective assistance of counsel.  On July 20, 2005, the trial judge dismissed all but two of the §2255 claims about Hemphill's counsel on the merits.  The Court ordered an evidentiary hearing on the claims of "ineffectiveness of his trial counsel as it related to the failure to call Robin Hicks and the petitioner as witnesses in support of the alibi defense and the introduction of evidence relating to events in January 2001."  *Hemphill v. United States*, 2005 WL 1705077 (S.D. Oh. 2005) (not reported).

At the evidentiary hearing on the remaining two claims, trial counsel, Petitioner, and the alibi witness Hicks testified.  On April 21, 2006, the trial court issued its final §2255 decision denying the remaining claims.  The Court found that as to counsel's failure to identify and call Hicks at trial, he did not render ineffective assistance, based on the conflicting facts presented at the hearing, "or to the extent that counsel might have been ineffective, such error was harmless," as Hicks' testimony was both incredible and inconsistent with a prior statement on which she would have been impeached.

Further, as to the second claim, the Court found that counsel's failure to request a limiting instruction upon the admission of evidence pursuant to Federal Rule of Evidence 404(b) was harmless in light of the overwhelming evidence against the petitioner. The trial court's decision denying §2255 relief appears in *Hemphill v. United States*, 2006 WL 1064037 (S.D. Ohio 2006) (not reported), issued on April 21, 2006.

Petitioner filed a notice of appeal of the decision, which became *Hemphill v. United States*, Sixth Circuit No. 06-3749. The record therein shows that the trial court denied a certificate of appealability ("COA") for reasons stated in its order of June 6, 2006, and on October 17, 2006, the appellate court also denied him a COA. The Sixth Circuit wrote that Hemphill was not entitled thereto, "because the district court's decision is not debatable amongst jurists of reason. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)." The Court also affirmed the correctness of the trial court's conclusions on Hemphill's claims and dismissed the appeal.

Five months later, on April 3, 2007, Petitioner filed the instant challenge to his conviction.

### PETITIONER'S CURRENT ALLEGATIONS AND LEGAL CLAIMS

The petitioner has submitted a self-styled, 42-page petition and memorandum, purportedly pursuant to this Court's 28 U.S.C. §2241 jurisdiction, and he has attached a number of exhibits. The following is a summary of the information in these documents.

Hemphill first traces his previous attacks on his convictions and he attaches copies of the district court's decisions, described *supra*. His current claims allegedly spring from the §2255 evidentiary hearing in the district court. The petitioner contends that it was not until the time of the hearing that he learned that the prosecution had failed to disclose exculpatory evidence in the

3

form of statements made to government agents in 2001, by several persons, including Hicks and another woman named Depew.  Hemphill attaches copies of these 2001 statements as Exhibits [hereinafter "Ex."] E - I.  The statements of Hicks and Depew (Ex. E - F) purportedly conflict with their testimonies against him at trial.

The petitioner claims these statements constitute "new reliable evidence ... that was not presented at trial."  With them, he can now prove his "actual innocence" of being an aider and abettor of armed bank robbery and actual innocence of using or brandishing a firearm, consistent with *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  He quotes liberally from *Schlup* and tracks its language to insist that he can demonstrate that in light of all of the evidence, "it is more likely than not that no reasonable juror would have found the Petitioner guilty beyond a reasonable doubt."  *Id* at 327.

Moreover, Petitioner asserts that he is entitled to relief from the convictions under *Schlup* because his claim of actual innocence is accompanied by "a constitutional error that probably resulted in his convictions."  He "proposes" that five constitutional violations occurred:  (1) the prosecution's failure to disclose exculpatory evidence violated Hemphill's constitutional right to a fair trial, a claim under *Brady v. Maryland*, 373 U.S. 83 (1963); (2) the petitioner was deprived of effective assistance of counsel in violation of the Sixth Amendment, as measured by *Strickland v. Washington*, 466 U.S. 668 (1984); (3) there was insufficient evidence of the bank's being insured by the FDIC; (4) the trial court made a constructive amendment of the indictment, in violation of the Fifth Amendment; and (5) there was also an impermissible prejudicial variance, in violation of the Fifth Amendment, because "the prosecution's evidence offered at trial proved facts materially different from those as alleged in the indictment" against him.

Additionally, Petitioner Hemphill entitles a section of his petition, "IV. 28 U.S.C. § 2255 Savings Clause/ Inadequate or Ineffectiveness." He argues therein that he is also entitled to relief from this Court pursuant to 28 U.S.C. §2241, because the new reliable evidence establishes his "actual innocence." Therefore, he can use the savings clause of §2255 for this Court to reach his claims.

On these grounds, the petitioner seeks the issuance of a writ of habeas corpus from this Court, pursuant to 28 U.S.C. §2241.

DISCUSSION

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Because the instant petitioner's claims relate to the convictions obtained in the trial court and do not relate to how his sentence therefor is being executed, his claims are not ordinarily cognizable for this Court under 28 U.S.C. §2241. *See United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).

There is an exception to the general rule, however. The "savings clause" of 28 U.S.C. §2255, which is in the fifth paragraph of the statute, does, indeed, provide an instance when a district court in the place of incarceration may address the merits of §2255 claims under its 28 U.S.C. §2241 jurisdiction. In the words of the savings clause, such use of §2241 is permissible

only upon the petitioner's making a threshold showing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255, ¶5; *Cohen v. United States*, 593 F.2d at 770-71.

However, the threshold showing for use of §2241 to reach §2255 claims is not the same standard which is set out in *Schlup v. Delo*. The Supreme Court in *Schlup* set out the "actual innocence" standard which governs the miscarriage of justice inquiry when a death row inmate raises a claim of actual innocence to avoid a procedural bar to consideration of the merits of his constitutional claims. That is not the same procedural posture as the current petitioner.

It is in *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), that the appellate court in this circuit set out the threshold showing which must be met by §2241 petitioners who wish the Court in the district of their confinement to entertain a challenge to a conviction or sentence which would ordinarily be brought to the trial court pursuant to §2255.

First, a petitioner must demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. Nor is §2255 rendered an "inadequate and ineffective" remedy where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Id.* at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Section 2241 is also not a "catch all" remedy that may be invoked for simple convenience. *Charles*, 180 F.3d at 758. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756; *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

To date, the Sixth Circuit has concluded that Section 2255 is an "inadequate and ineffective" remedy in only one circumstance: where the petitioner presents a viable claim of "actual innocence." *Truss v. Davis*, 2004 WL 2203581, *2 (6th Cir. 2004). Technical or procedural errors committed during the course of trial or sentencing cannot provide the basis for an "actual innocence" claim. Rather, the "actual innocence" must be "factual innocence," meaning that the petitioner did not commit the conduct proscribed by the criminal statute under which he was convicted. *Martin v. Perez*, 319 F.3d at 804.

The second component which must be demonstrated, therefore, is that the §2241 petitioner has a claim of "actual innocence," as the standard is explained in *Martin*, 319 F.3d at 804-05. "Actual innocence" can be used in the instant setting, if and only if the prisoner seeking habeas corpus relief has demonstrated that his remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention and he is "factually innocent," in that the petitioner was convicted of conduct which an intervening Supreme Court opinion defined as non-criminal. Obviously, this is a narrow remedy available only to the rare §2241 habeas petitioner.

Notwithstanding its label, the "factual innocence" requirement does not invite or permit the habeas petitioner to challenge the sufficiency of the evidence adduced against him at trial. Factual innocence must instead be predicated upon a Supreme Court decision, decided after the petitioner's conviction became final, which interprets the criminal statute under which he was convicted in a materially different manner than that prevailing at the time of his conviction. *Martin*, 319 F.3d. at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition) ("Although this court has not determined the exact scope of the savings clause, it

appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause.").

In other words, a petitioner may only use Section 2241 to challenge his conviction where, after his conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin*, 319 F.3d at 804 ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of §2255 and proceed under §2241."); *Peterman*, 249 F.3d at 461-62.

In the instant case, the petitioner fails to carry his burden of demonstrating either threshold component which must be established for this Court to entertain his §2255 claims under its §2241 jurisdiction. He has not demonstrated that his remedy via §2255 is truly inadequate or ineffective, as the petitioner in *Martin* had demonstrated. Martin showed his repeated attempts to file his §2255 claim in the trial court, an unsuccessful motion to the appellate court for permission to file a second §2255 motion, and an intervening Supreme Court case which defined the crime of which he had been convicted in such a way as to make his conduct non-criminal.

Petitioner Hemphill uses the phrases "inadequate," ineffective," and "actual innocence," but he has not actually made the showings which comprise the threshold a §2241 petitioner must pass. He had an opportunity to raise these claims in the earlier §2255 proceeding when he purportedly discovered the statements. He did not pursue the matter therein and has not pursued bringing another §2255 proceeding. Nor did the trial court convict him of conduct "that the law does not make criminal" in light of any Supreme Court decision handed down after his direct

appeal or first collateral attack on his conviction so as to comply with *Martin*, 319 F.3d at 805, *Charles*, 180 F.3d at 757, and *Bousley*, 523 U.S. at 620.

Therefore, this petition for a writ of habeas corpus pursuant to §2241 must be denied.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)     Petitioner Stanson Hemphill's petition for a writ of habeas corpus is **DENIED**;

(2)     this action will be **DISMISSED**, *sua sponte*, from the docket of the Court, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 12th day of April, 2007.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge